UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MODERN MACHINE TOOL CO.,

    Plaintiff,                                  Civil Action No. 12-CV-14636

vs.                                          HON. BERNARD A. FRIEDMAN

COUPLED PRODUCTS LLC,

    Defendant.
_____/

### OPINION AND ORDER GRANTING
### DEFENDANT'S MOTION TO TRANSFER VENUE

This matter is presently before the Court on the motion of defendant Coupled Products LLC to transfer venue [docket entry 2]. Plaintiff has not responded to the motion and the time for it to do so has expired. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without oral argument.

This is a breach of contract action in which plaintiff alleges that defendant has failed to pay for an industrial machine that plaintiff manufactured for, and delivered to, defendant at defendant's request. Plaintiff seeks a judgment for the unpaid balance ($120,416.25) plus costs, interest and attorney fees.

Defendant asks that the Court transfer the action to the Northern District of Ohio at Toledo because the purchase order which is the basis of the parties' transaction contains a provision stating that "[t]he parties irrevocably agree that any action to interpret or enforce any [purchase order to be performed in the United States] will be brought exclusively in a state or federal court with jurisdiction located in Toledo, Ohio, USA." Def.'s Mot. Ex. 1 ¶ 34(a).

Forum selection clauses "are prima facie valid and should be enforced unless

enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). *See also Preferred Capital, Inc. v. Assocs. in Urology*, 453 F.3d 718, 721 (6th Cir. 2006) ("A forum selection clause contained in an agreement in connection with an arm's length commercial transaction between two business entities is valid and enforceable."). In the present case, the forum selection clause certainly appears to be valid and enforceable. By not responding to the motion for change of venue, plaintiff has failed to meet its burden of demonstrating that the clause is the product of fraud or overreaching or that enforcement of the clause would in any way be unjust or unreasonable. *See id.* at 722-23. Nor has plaintiff responded to defendant's arguments regarding the 28 U.S.C. § 1404(a) factors favoring transfer (e.g., convenience of the parties and witnesses), and it therefore presumably concedes these arguments as well. In short, defendant's motion is well supported by the law and the parties' contract, and plaintiff has offered no opposition. Accordingly,

IT IS ORDERED that defendant's motion for change of venue is granted.

IT IS FURTHER ORDERED that the Clerk of Court transfer this matter to the Northern District of Ohio at Toledo, Ohio.

S/ Bernard A. Friedman_____
Dated: November 14, 2012           BERNARD A. FRIEDMAN
    Detroit, Michigan              SENIOR UNITED STATES DISTRICT JUDGE